**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CENTRAL LOCATING SERVICE, LTD., | Case No. CV06-1659-PHX-SMM |
| Plaintiff, | |
| v. | **CONFIDENTIALITY ORDER** |
| PAUL BAUGHER, et al., | |
| Defendants. | |

The Parties have stipulated to the entry of the following Confidentiality Order [Doc. No. 35], which this Court herewith approves.  This Order is intended to protect the confidentiality of documents and records including, but not limited to, the Parties employment files and proprietary business records.

1.      Any Party in this action (the "Designating Party") shall have the right to designate as confidential any material that it believes, in good faith, contains or represents confidential personal, financial, proprietary, competitive, trade secret or other sensitive information that the Designating Party normally would not reveal to third parties or that the Designating Party normally would require third parties to maintain in confidence. This information or material is hereafter referred to as "Confidential Information."

2.      Information or materials that either Party considers to be Confidential Information shall be so designated in a conspicuous manner at or before the time of actual

production of the information or materials, regardless of the format of such production. Where practicable, if only a portion of a document contains Confidential Information, then only that portion of the document shall be so designated. The Designating Party shall designate information or material as Confidential Information only in a good faith belief that an item so designated contains or constitutes proprietary and/or confidential information.

a.     Either Party may designate Confidential Information as either "CONFIDENTIAL" or "CONFIDENTIAL; ATTORNEY'S EYES ONLY."

b.     The designation "CONFIDENTIAL" shall be limited to information that is of a proprietary or commercially sensitive nature, constitutes personal or non-public information or should otherwise be entitled to confidential treatment under the standards articulated in Rule 26(c) of the Federal Rules of Civil Procedure.

c.     The designation "CONFIDENTIAL; ATTORNEY'S EYES ONLY" shall be limited to documents relevant to the litigation that contain proprietary business and/or financial information such as customer lists, business plans, trade secrets, or other non-public information, which may subject the Designating Party to an unjustifiable, immediate and irreparable harm, or reasonable risk of harm, to its business operations if disclosed to the opposing Party.

3.     All Confidential Information shall be used solely for purposes of the litigation of this action, and any related appellate proceeding, and for no other purpose, without prior written agreement to the contrary by both Parties.  Notwithstanding any protective order or any superceding agreement regarding the use of Confidential Information at trial, the Parties agree that Confidential Information in this matter subject to either of the designations listed in Section 2 hereof can only be disclosed as follows:

a.     Confidential Information designated as "CONFIDENTIAL" may be disclosed by the Receiving Party only to:

i.     Outside Counsel in the litigation and persons or entities employed by Outside Counsel;

ii.      Persons or entities retained by Outside Counsel to provide litigation support services in the litigation;

iii.      Stenographic reporters or videographers who may be involved in depositions or any hearings or proceedings in this action;

iv.      Independent experts, consultants and/or contractors;

v.      Parties to the litigation, including the officers, directors, and employees of the Parties who need to know such information or material for purposes of the litigation;

vi.      Insurer(s) of a Party;

vii.      The Court;

viii.      Actual and/or potential trial or deposition witnesses, to whom disclosure may be made only during the course of Outside Counsel's interviewing or examining said witness, where Outside Counsel believes, in good faith, that disclosure is necessary to develop the testimony of such witnesses; and

ix.      Such other persons as may be designated by written agreement of the Parties in the litigation or by order of the Court.

b.      Confidential Information designated as "CONFIDENTIAL; ATTORNEY'S EYES ONLY" may be disclosed by the Receiving Party only to:

i.      Outside Counsel in the litigation and persons or entities employed by Outside Counsel

ii.      Persons or entities retained by Outside Counsel to provide litigation support services in the litigation;

iii.      Stenographic reporters or videographers who may be involved in depositions or any hearings or proceedings in this action;

iv.      The Court; and

v.      Such other persons as may be designated by written agreement of the Parties in the litigation or by order of the Court.

4.      Each person or entity referred to in Section 3 to whom Confidential Information is to be disclosed, regardless of the designation label used under Section 2, shall

first execute a Declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Stipulated Order, with the exception of those persons and entities referred to in Subsections 3(a)(i), (ii), (v), (vi) and (vii) and 3(b)(i), (ii) and (iv).

5.     The Parties and their legal representatives agree that, unless a satisfactory resolution can be reached through a meet-and-confer process, any alleged violation of this Confidentiality Order should be handled through a hearing to show cause why the Party allegedly contravening this Order should not be held in contempt of court.

6.     The Receiving Party retains the right to object to the designation of Confidential Information by the Designating Party.  If meet-and-confer efforts to resolve the dispute are not successful, the Receiving Party may apply to the Court for a ruling that a document (or category of documents) designated as CONFIDENTIAL or CONFIDENTIAL; ATTORNEY'S EYES ONLY is not entitled to such status and protection.   After an unsuccessful *bona fide* effort to resolve a dispute without motion practice, the Designating Party shall be given notice of the application for re-designation and an opportunity to respond within five (5) days.   To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the material or document to have such protection.  Nothing herein shall alter the burdens of proof or other requirements under the Federal Rules of Civil Procedure, local rules, or other applicable law, including but not limited to any obligation of the Designating Party to demonstrate the propriety of the designation on a document-by-document or item-by-item basis. Pending a final resolution of an objection to a designation, the information or material shall be treated as Confidential Information.

7.     All pleadings filed with the Court, which contain copies of CONFIDENTIAL or CONFIDENTIAL; ATTORNEY'S EYES ONLY documents or information derived from such documents, must be filed with the Clerk "under seal" so that such documents are not public.  The sealed envelope or other container used to submit Confidential Information to the Court or Clerk of Court shall bear the stamp either "CONFIDENTIAL" or

"CONFIDENTIAL; ATTORNEY'S EYES ONLY," and a statement substantially in the following form:

> This envelope is sealed pursuant to Order of the Court, contains Confidential Information, and is not to be opened nor the contents revealed except by Order of the Court.

8.     This Stipulated Order shall not be used to restrict any Party's use of its own Confidential Information. If a Party believes that another Party's use of its own Confidential Information constitutes a waiver of the confidentiality designation, the party shall (1) notify the other party in writing, describing the Confidential Information with specificity and the ways in which its uses are said to have waived the confidentiality designation; (2) the Parties shall have five (5) calendar days from receipt of the notice to attempt to resolve the issue; and (3) if the issue cannot be resolved by agreement of the Parties, the final determination of whether, and to what extent, the confidentiality designation has been waived shall be made by the Court, after notice and an opportunity to be heard.  No Confidential Information shall be disclosed unless or until the Parties have either reached a resolution of the issue or the Court has issued a ruling on the issue.

9.     Whenever Confidential Information is to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive Confidential Information under Paragraph 3(a) or 3(b).  Any Party may designate as Confidential Information those portions of deposition testimony or deposition exhibits which fall within the requirements described herein by advising the stenographic reporter and all persons present of such intent during the deposition, or within ten (10) days after receipt of the transcript of the deposition, provided no person was present during the deposition who would be retroactively affected by such after-the-fact designation and/or the excerpt or exhibit designated as Confidential Information was not previously shared with a person or entity retroactively affected by the after-the-fact designation.

10.     In the event that a Party or other person having possession, custody, or control of any Confidential Information receives a subpoena, other process, or order to produce Confidential Information, the Party or person shall promptly notify in writing the counsel for

the Party claiming the confidential treatment, shall furnish the counsel with a copy of the subpoena, other process, or order, and shall provide reasonable cooperation with respect to any procedure to protect the Confidential Information as may be pursued by the Party whose interests may be affected. The Party receiving the subpoena, other process, or order shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to make a motion to quash, strike,

limit, or otherwise modify the subpoena, other process, or order. If the Party asserting the protection from disclosure makes a motion to quash, strike, limit, or modify in any way the subpoena, other process, or order, there shall be no disclosure of the Confidential Information until after the Court has ruled upon the motion and the Designating Party has received notice of the Court's ruling and has had a reasonable opportunity to appear and/or seek a stay of enforcement of the Court's ruling, and then disclosure shall be made only in strict accordance with the ruling so made. If no such motion is made despite a reasonable opportunity to do so, the Party or person receiving the subpoena, other process, or order shall be entitled to comply therewith provided it has fulfilled its obligations hereunder.

11.     The designation and disclosure of Confidential Information pursuant to this Stipulated Order is not intended to be, and shall not be construed as, a waiver of, or preclude any Party or person from raising, any objection to discovery or asserting any and all other privileges otherwise available. The fact that information or material is or is not designated as Confidential Information under this Stipulated Order shall not be deemed determinative of what the Court or a trier of fact may determine. Absent a stipulation of the Parties, the fact that information has been designated as Confidential Information under this Stipulated Order or that a Party has either requested or objected to such a designation shall not be admissible during the trial of the litigation, nor shall the jury be advised of any such designation, request, or objection.

12.     This Stipulated Order shall continue to be binding upon all persons to whom Confidential Information is disclosed pursuant to this Stipulated Order throughout and after the conclusion of the litigation including any appeals thereto. At the conclusion of the

litigation, all Confidential Information shall, upon the request of the Party furnishing such Confidential Information, be (i) delivered to the Party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing Party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel. In no event shall a Party retain a copy of Confidential Information produced to it, with the exception of Outside Counsel to a Party. Counsel for the Parties shall ensure compliance with this Stipulated Order by any employees that receive Confidential Information during the time period that such person is employed by the law firm or organization. Further, Outside Counsel shall advise each employee who receives Confidential Information of the employee's responsibility to preserve the confidentiality of such information during and after the termination of that person's employment. Upon the return of all Confidential Information produced in this litigation, Counsel for the Parties returning the information shall sign a Certification in the form attached as Exhibit B.

13.    Nothing in this Stipulated Order shall require disclosure of material that a Party or a third party contends is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other evidentiary privilege. This paragraph shall not preclude any Party from moving the Court for an order compelling the production or disclosure of such material.

14.    The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Stipulated Order as the Court may from time to time deem appropriate. The provisions of this Stipulated Order regarding the use and/or disclosure of Confidential Information shall survive the termination of the litigation, and the Court shall retain jurisdiction with respect to this Stipulated Order. The Parties agree to be bound by this Stipulated Order even if a protective order is not entered by the Court, or if the protective order is terminated by the Court without consent of all Parties.

Accordingly,

1        **IT IS HEREBY ORDERED** that the parties' stipulation to the proposed

2   Confidentiality Order [Doc. No. 35] is **GRANTED**.

3        Dated this 11th day of September, 2006.

4

5

6

7

8   _____

9                           Stephen M. McNamee
                            United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9
10
11
12
13
14
15

CENTRAL LOCATING SERVICE, LTD.,

          Plaintiff,

v.

PAUL BAUGHER and ELM LOCATING
& UTILITY SERVICES, a foreign
corporation,

          Defendants.

Case No. CV06-1659-PHX-SMM

**DECLARATION**

16
17

      It is desired that I, the undersigned, obtain access to the following confidential documents:

18
19
20

21

      I acknowledge that I have read the Confidentiality Order dated _____,

22

understand the terms thereof, submit to the personal jurisdiction of the United States

23

District Court, District of Arizona, for purposes of enforcing the Confidentiality Order,

24

and agree, upon threat of penalty of contempt, to be bound by such terms.

25

      I declare under penalty of perjury that the foregoing is true can correct.

26

      Executed within the United States on this _____ day of _____, _____.

27

                                 _____

28

                                 Signature

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                   FOR THE DISTRICT OF ARIZONA
9
10   CENTRAL LOCATING SERVICE, LTD.,        Case No. CV06-1659-PHX-SMM
11              Plaintiff,
12   v.                                      **CERTIFICATION**
13   PAUL BAUGHER and ELM LOCATING
     & UTILITY SERVICES, a foreign
14   corporation,
15              Defendants.
16
17
         Pursuant  to  the  Confidentiality  Order  dated  _____,  I  hereby
18
     certify  that  all  materials  designated  CONFIDENTIAL  or  CONFIDENTIAL;
19
     ATTORNEY'S  EYES  ONLY  that is in my possession, including all copies of such
20
     material, was returned to the person who provided said material.
21
22
23
     _____          _____
24
     Date                                    Signature
25
26
27
28